UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| KWANG YONG SHIN,<br><br>    Plaintiff,<br><br>v.<br><br>SUN POULTRY SERVICES INC.,<br><br>    Defendant. | Case No. 2:25-cv-00003<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This employment discrimination action arises out of pro se Plaintiff Kwang Yong Shin's employment with Defendant Sun Poultry Services, Inc. (Sun Poultry).[1] (Doc. No. 1.) Kwang Yong Shin alleges that Sun Poultry discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. (*Id.*) He further alleges that Sun Poultry recruits, employs, and exploits workers from Mexico and South America who are not authorized to work in the United States. (*Id.*) The Court has referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 13.)

This Memorandum Order addresses several motions that Kwang Yong Shin has filed regarding: (1) his efforts to effect service of process on Sun Poultry (Doc. Nos. 6, 23); (2) his

---

[1] Kwang Yong Shin identifies himself as Korean-American. (Doc. No. 1.) "In South Korea, one's family name is typically said or written first, followed by one's given name." *Ho Myung Moolsan, Co. v. Manitou Mineral Water, Inc.*, No. 07 Civ. 07483, 2011 WL 2226901, at *1 n.1 (S.D.N.Y. June 7, 2011). The Court follows the complaint's naming conventions, which refer to the plaintiff by his full name.

requests that the Court and the federal government investigate Sun Poultry's employment practices (Doc. Nos. 7, 14, 31); and (3) his efforts to compel Sun Poultry to produce federal employment verification forms for all its employees (Doc. Nos. 12, 16, 21).

I.      **Relevant Background**

Sun Poultry has appeared and filed a motion to dismiss Kwang Yong Shin's complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process or under Rule 12(b)(6) for failure to state a claim on which relief can be granted or, alternatively, for a more definite statement under Rule 12(e).[2] (Doc. No. 8.)

Kwang Yong Shin has filed two motions regarding service of process on Sun Poultry, a "motion to recognize proof of delivery" (Doc. No. 6, PageID# 30) and a "motion to file proof of service" (Doc. No. 23, PageID# 121).

His motions requesting that the federal government investigate Sun Poultry's employment practices include a "motion to involve a government agency" (Doc. No. 7, PageID# 38), a "motion for court approval of government agency intervention" (Doc. No. 14, PageID# 70), a "second notice of ongoing violations and renewed request for referral to federal agencies" (Doc. No. 31, PageID# 177), and a "motion to note defendant's failure to deny core allegations and request for court consideration of implied admission and federal agency referral" (Doc. No. 34, PageID# 194).

Kwang Yong Shin's motions related to his request for an order compelling Sun Poultry to produce I-9 forms include a "motion to compel defendant to produce I-9 employment verification forms" (Doc. No. 12, PageID# 63), a "motion in support of compelling [ ] Sun Poultry Service[s] [ ] to produce I-9 employment verification forms" (Doc. No. 21, PageID# 107), and a "motion for

---

[2]     The Magistrate Judge addresses Sun Poultry Service's motion to dismiss (Doc. No. 8) in a concurrent report and recommendation.

attorney sanctions" against Sun Poultry's counsel for his role in Sun Poultry's refusal to produce I-9 forms (Doc. No. 16, PageID# 81).

Sun Poultry has responded in opposition to most of these motions (Doc. Nos. 19, 20, 22, 26, 27, 35, 38) and has moved to strike (Doc. No. 11) Kwang Yong Shin's first motion to involve a government agency (Doc. No. 7).

II. Analysis

   A. **Kwang Yong Shin's Motions Regarding Service of Process (Doc. Nos. 6, 23)**

Kwang Yong Shin's "motion to recognize proof of delivery" asks the Court to "[f]ormally recognize [an] attached UPS Proof of Delivery as valid and sufficient evidence of document delivery" and to "[a]cknowledge that the Defendant, Sun Poultry Services Inc., was duly served." (Doc. No. 6, PageID# 30, 31.) After Sun Poultry moved to dismiss Kwang Yong Shin's complaint for insufficient service of process, among other grounds, Kwang Yong Shin filed a "motion to file proof of service" stating that he "properly served [Sun Poultry] on February 15, 2025," and attaching a "USPS Certified Mail Return Receipt" "[a]s proof of proper service[.]" (Doc. No. 23, PageID# 121.)

The Court construes these motions (Doc. Nos. 6, 23) as part of Kwang Yong Shin's response in opposition to Sun Poultry's motion to dismiss for insufficient service of process (Doc. No. 8) and considers them in the concurrent report and recommendation addressing the motion to dismiss.

   B. **Kwang Yong Shin's Motions Requesting Government Intervention (Doc. Nos. 7, 14, 31, 34) and Sun Poultry's Motion to Strike (Doc. No. 11)**

Kwang Yong Shin's first "motion to involve a government agency" "request[s] the Court's assistance in conducting a thorough investigation into the unlawful practices of . . . Sun Poultry Services[,] Inc." (Doc. No. 7, PageID# 38.) Kwang Yong Shin asserts that this action involves "an

unprecedented scale of illegal activity that may not be dealt with by the courts alone . . . ." (*Id.*) He therefore asks the Court to "submit a report to ICE (U.S. Immigration and Customs Enforcement) [and] DOJ (Department of Justice) regarding the approximately 6,000 (Six Thousand) undocumented illegal workers employed in the operations of Sun Poultry Service Inc. . . . ." (*Id.* at PageID# 39.) Kwang Yong Shin's other motions requesting government intervention seek similar relief. (Doc. No. 14, PageID# 70 (asking the Court "to allow federal authorities, including but not limited to the U.S. Immigration and Customs Enforcement (ICE), Department of Homeland Security (DHS), and Internal Revenue Service (IRS), to conduct a full investigation into Defendant Sun Poultry Services Inc.'s potential violations of federal immigration, tax, and labor laws"); Doc. No. 31, PageID# 180 ("direct intervention by government agencies (DOL, IRS, SSA, ICE, etc.) is absolutely necessary in this matter"); Doc. No. 34, PageID# 194 (arguing that Sun Poultry's "ongoing failure to respond or deny [Kwang Yong Shin's] core allegations" should be "considered as an implied admission, and as grounds for federal agency referral").)

Kwang Yong Shin has not identified any sufficient legal basis for the Court to provide the relief sought in these motions. He argues that "[r]elevant information may be shared with federal agencies for public safety or investigation" under "Federal Rule[ ] of Civil Procedure . . . 26(a)(1)(A)(ii)[.]" (Doc. No. 31, PageID# 180.) But Rule 26(a)(1) addresses initial disclosures required in federal civil litigation between parties represented by attorneys. *See* Fed. R. Civ. P. 26(a)(1)(A)–(B). It does not provide this Court with authority to request that federal agencies investigate a defendant based on allegations in a plaintiff's complaint. Kwang Yong Shin next argues that "[a] federal court may coordinate or parallel an investigation with government agencies if criminal or administrative issues are involved" under "28 U.S. Code § 1367(c), (d)[.]" (Doc. No. 31, PageID# 180.) Section 1367 provides that a district court may exercise

4

"supplemental jurisdiction over" a plaintiff's state-law claims if those claims "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367(a). Section 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" under certain circumstances, and § 1367(d) addresses "[t]he period of limitations for any claim asserted under subsection (a)[.]" *Id.* § 1367(c), (d). This statute does not authorize or require the Court to request that federal agencies investigate a defendant based on allegations in a plaintiff's complaint

Kwang Yong Shin's motions requesting government intervention (Doc. Nos. 7, 14, 31, 34) will therefore be denied. Sun Poultry's motion to strike (Doc. No. 11) will be found moot.

### C. Kwang Yong Shin's Discovery Motions and Motion for Sanctions (Doc. Nos. 12, 16, 21)

Discovery in this action has not yet begun and will not begin until after the Court enters a scheduling order setting out relevant discovery deadlines. The Court will do so after resolving preliminary motions regarding Kwang Yong Shin's pleading, including Sun Poultry's motion to dismiss. Kwang Yong Shin's motion to compel (Doc. No. 12) and motion in support of his motion to compel (Doc. No. 21) will therefore be denied without prejudice. Kwang Yong Shin's motion for discovery-related sanctions (Doc. No. 16) will be denied.

### III. Conclusion

For these reasons, Kwang Yong Shin's motions regarding proof of delivery (Doc. No. 6) and proof of service (Doc. No. 23) are CONSTRUED as part of his response in opposition to Sun Poultry's motion to dismiss. The Clerk of Court is DIRECTED to TERMINATE these filings (Doc. Nos. 6, 23) as motions.

Kwang Yong Shin's motions requesting government agency intervention (Doc. Nos. 7, 14, 31, 34) are DENIED.

Sun Poultry's motion to strike (Doc. No. 11) is FOUND MOOT.

Kwang Yong Shin's motion to compel (Doc. No. 12) and motion in support of his motion to compel (Doc. No. 21) are DENIED WITHOUT PREJUDICE.

Kwang Yong Shin's motion for sanctions (Doc. No. 16) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge